# Exhibit "1"

Electronically Filed by Superior Court of California, County of Orange, 09/17/2024 10:14:45 AM.
30-2024-01426448-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By A. Wilcher, Deputy Clerk.

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030
CATHRYN G. FUND, STATE BAR NO. 293766
BRYCE KROETZ, STATE BAR NO. 326226

**Attorneys for Plaintiff**
ANTOINETTE NIKO-ATUTASI

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

Assigned for All Purposes
Judge Theodore Howard

| | |
|---|---|
| ANTOINETTE NIKO-ATUTASI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 30-2024-01426448-CU-WT-CJC<br><br>COMPLAINT FOR:<br><br>1. **DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>2. **RETALIATION IN VIOLATION OF THE FEHA; and**<br>3. **FAILURE TO PREVENT IN VIOLATION OF THE FEHA;**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff, ANTOINETTE NIKO-ATUTASI, hereby brings her employment complaint against the above-named Defendants and states and alleges as follows:

**<u>PRELIMINARY ALLEGATIONS</u>**

1. ANTOINETTE NIKO-ATUTASI was a resident of the county of Orange, state of California.

2. At all times mentioned herein, Defendant WAL-MART ASSOCIATES, INC. was a Delaware corporation, licensed to do business under the laws of the state of California, in the



JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

county of Orange, at 12840 Beach Boulevard, in the city of Stanton. At the time the causes of action arose, Defendant was Plaintiff's employer.

3. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said fictitious names. Plaintiff is informed and believes that each of the Defendants named as a Doe Defendant is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortuously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe Defendants when it has been ascertained.

4. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

5. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

## ALLEGATIONS

6. Defendant hired Plaintiff to work as a Salesfloor Academy Trainer on or about August 25, 2023.

7. Throughout her employment, Plaintiff performed her job duties in an efficient, competent, and successful manner.

8. Unfortunately, on March 2, 2024, Plaintiff suffered a head injury and concussion after she slipped and fell in the freezer at work.

9. On March 8, 2024, Plaintiff was provided with workplace restrictions of no pushing, pulling, or lifting over five pounds.

10. Following her fall, Plaintiff was required to take periodic days off of work due to debilitating migraines she was suffering and for follow up doctor's appointments.

11. In fact, on April 26, 2024, Plaintiff treated with the workers' compensation physician who placed her off of work until May 11, 2024, which note was also provided to Defendant.

12. Thereafter, Plaintiff's employment was terminated effective May 3, 2024 for "excessive attendance occurrences," including but not limited to her absences on April 27, 2024, April 28, 2024, and April 29, 2024.

13. Plaintiff is informed and believes, and thereon alleges, that the real reason for her termination was because of her disability and/or in retaliation for using or requesting accommodations.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Plaintiff timely filed a complaint with the California Department of Fair Employment and Housing on September 16, 2024, and received a right to sue letter the same day. This Complaint is timely filed pursuant to that letter.

## FIRST CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF THE FEHA

**(Against ALL Defendants)**

15. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

16. At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendant, as Defendant regularly employed five or more persons.

17. The FEHA requires Defendant to refrain from discriminating against any employee on the basis of, among other things, an individual's disability.

18. Defendant engaged in unlawful employment practices in violation of the FEHA by discriminating against Plaintiff on the basis of her disability.

19. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

20. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

21. Defendant had in place policies and procedures that specifically prohibited and required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendant. Managers, officers, and/or agents of Defendant were aware of Defendant's policies and procedures requiring them to prevent discrimination against and upon employees of Defendant. However, Defendant chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

22. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

**SECOND CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

23. Plaintiff hereby restates and incorporates all preceding paragraphs as though fully set forth herein.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

24. The FEHA protects all individuals from retaliation for engaging in a protected activity. Plaintiff engaged in a protected activity when she requested or used an accommodation relating to her disability.

25. Thereafter, Defendant retaliated against Plaintiff and terminated her employment.

26. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

27. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

28. Defendant had in place policies and procedures that specifically prohibited and required Defendant's managers, officers, and agents to prevent retaliation against and upon employees of Defendant. Managers, officers, and/or agents of Defendant were aware of Defendant's policies and procedures requiring them to prevent retaliation against and upon employees of Defendant. However, Defendant chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

29. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

**THIRD CAUSE OF ACTION**

**FAILURE TO PREVENT IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

30. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

31. At all times mentioned herein, the FEHA was in full force and effect and was binding upon Defendant.

32. The FEHA imposes on an employer a duty to take immediate and appropriate corrective action to end discrimination and retaliation and take all reasonable steps necessary to prevent discrimination and retaliation from occurring, among other things.

33. Defendant failed to take immediate and appropriate corrective action to end discrimination and retaliation. Defendant also failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

34. In failing and/or refusing to take immediate and appropriate corrective action to end discrimination and retaliation and failing and/or refusing to take any or all reasonable steps necessary to prevent discrimination and retaliation from occurring, Defendant violated the FEHA causing Plaintiff to suffer damages.

35. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

36. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

37. Defendant had in place policies and procedures that specifically prohibited and required Defendant's managers, officers, and agents to prevent discrimination and retaliation against and upon employees of Defendant. Managers, officers, and/or agents of Defendant were aware of Defendant's policies and procedures requiring them to prevent discrimination against and upon employees of Defendant. However, Defendant chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

38. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive damages according to proof;
4. For attorney fees and costs of suit;
5. For prejudgment and post-judgment interest according to law; and
6. For such other and further relief as the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

DATED: September 16, 2024 JML LAW, A Professional Law Corporation

By: Cathryn Fund

CATHRYN G. FUND

BRYCE KROETZ

Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800